ISABELLA B. CLUTE, APPELLANT, *v.* ADAM EMMERICK, RESPONDENT.

*New trial — granted because of injustice, arising from error of the attorney.*

Upon the trial of this action, brought to recover land claimed by the plaintiff under a sheriff's deed, the recovery and docket of the judgment and the issue and return of an execution were proved. Plaintiff's counsel then offered the sheriff's certificate of sale, to the admission of which the counsel for the

defendant objected. Whereupon plaintiff's counsel admitted that it was immaterial, but still insisted it should be received. The court excluded it, and subsequently excluded the sheriff's deed when offered by plaintiff.

*Held,* that as plaintiff's counsel admitted that the certificate was immaterial, the court was right in excluding it.

That plaintiff was in error in so admitting, as it was a necessary prerequisite to the execution of the deed, and that the failure to prove its existence justified the exclusion of the deed.

That as it was manifest that, without any fault on the part of the court, injustice had resulted through this error of plaintiff's counsel, a new trial should be granted without costs of the former trial or of this appeal.

Appeal from a judgment dismissing the complaint, entered upon the trial of this action at the Circuit.

*T. G. Clute* and *S. J. Higgins,* for the appellant.

*James Clark,* for the respondent.

Brady, J.:

The plaintiff in this action claimed the land described under a purchase at a sheriff's sale. Upon the trial evidence of the judgment under which the sale was made was given, also evidence of the assignment of it and the docket of it in this county.

It was also shown that an execution had been issued and returned in this county.

When this had been done the plaintiff offered in evidence the certificate of the sale of the land given by the sheriff under the statute. It was objected to.

The plaintiff's counsel then admitted that the paper was immaterial, and on such concession it was excluded. The plaintiff's counsel then said: "It is proper evidence if not material. I still offer it in evidence." It was excluded. How it could be proper evidence, if not material, does not appear. The rules of evidence do not justify the admission of any thing as evidence which is not material.

If it be not material then it has no bearing upon any issue in the cause, collateral or otherwise. The justice was quite justified, therefore, in rejecting it as immaterial. He was not to know whether it was material or not.

It was the duty of the counsel to know it. It is quite clear that the counsel was mistaken, however, because he had only the sheriff's deed left to perfect his title to the premises in question, and that instrument did not contain the certificate or any allusion to it. The statute requires certificates of the sale to be given in duplicate (3 R. S. [6th ed.], 631, § 60), and the filing of one within ten days (§ 61) in the office of the clerk of the county and the delivery of the other to the purchaser.

The object is to determine the time of the sale, the property affected and the time when the sale will become absolute and the purchaser entitled therefore to a conveyance. The record of the certificate which the clerk of the county is required to make immediately upon its filing (§ 62), or a certified copy of such record, is made evidence of the facts therein contained. (§ 63.) The original certificate, upon being proved or acknowledged in the manner required by law to entitle deeds to be recorded, or a copy of such original, duly certified by the clerk in whose office the original is filed, shall be received as presumptive evidence of the facts therein contained. The paper offered in evidence herein was of the latter class, namely, a copy of the original, duly certified by the clerk, in whose office it was filed. The certificate contained all that the statute requires to be stated therein, and, hence, its materiality in connection with the provisions of the statute which relate to it. (*Supra.*) The plaintiff's counsel, however, said it was immaterial. It may be that this view was predicated of the declaration of the statute that the deed, when executed after the expiration of the time allowed to redeem, shall be valid and effectual to convey all right, title and interest which was sold, but this was an erroneous conception of the statute.

The certificate is required to prevent not only wrong to the purchaser but to the judgment debtor, whose property might be taken fraudulently if the sheriff were in collusion with another, and his certificate of no value or practical use.

The legislature did not provide that the certificate should be given as an idle ceremony. It was intended to be, and is, a necessary prerequisite to the deed and upon which that paper rests. Its importance is the more apparent from the fact that it is made evidence of the facts contained in it.

The exclusion of it was a fatal incident, therefore, in the plaintiff's case and was a mistake. The objection interposed against it was not well taken, and we may assume that it would have been received had not the concession mentioned been made.

Under these circumstances, should the plaintiff be relieved and how? The exclusion of the deed was doubtless upon the ground that the preliminaries to its reception had not been employed.

There was no proof of title made in the judgment debtor, it was supposed, but the plaintiff's counsel relied upon the admissions in the answer, though coupled with charges in avoidance of such admissions — charges which affected the plaintiff's rights under the deed and which, as a defense, must necessarily be proved. The answer thus made admitting the title but assailing the plaintiff's good faith and the validity of his deed by reason of fraud, did not so qualify the admission referred to that it could not be used by the plaintiff.

It was essential that such admission should be made in order to set out the defense of collusion against the plaintiff's title under the deed. The exclusion of the deed, therefore, would have been an error had the facts leading to its use been established. They were not, however, and, therefore, the exclusion was proper. The result of this review is that the plaintiff's case was erroneously dismissed by reason of the stand taken in regard to the materiality of the sheriff's certificate, and injustice seems to have resulted from it for which the court was not responsible. The judgment must be reversed and a new trial should be granted, but without costs of the former trial or of this appeal.

Ordered accordingly.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment reversed, new trial granted without costs of the former trial or of this appeal.